UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,  :
: **MEMORANDUM AND ORDER**
-against-  :
: 05-CR-623 (DLI)
ISAAC ALMANZAR, et al.,  :
:
Defendants.  :
---------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Defendant Isaac Almanzar ("Defendant") pled guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base ("crack cocaine"). On February 1, 2008, this Court sentenced Defendant to 300 months of imprisonment. On March 25, 2009, Defendant's conviction was affirmed summarily by the Second Circuit Court of Appeals. *See United States v. Soto, et al.*, 2009 WL 765015 (2d Cir. 2009) (summary order). On September 30, 2013, Defendant's petition for habeas corpus relief was denied, and, on November 21, 2013, his motion for reconsideration was denied. (*See* Mem. and Ord., No. 10-cv-1307, Docket Entry No. 21; 11/21/13 Minute Entry.) On March 25, 2014, the Second Circuit dismissed Defendant's appeal of this Court's ruling on his habeas corpus petition for failure to file a motion for a certificate of appealability. (Mandate, No. 10-cv-1307, Docket Entry No. 25.) Presently before the Court is Defendant's request for a sentence reduction.[1] The government does not oppose. For the reasons set forth below, the motion is denied.

**I.    Background[2]**

On December 8, 2006, Petitioner pled guilty, pursuant to a plea agreement, to a single count indictment charging him and other members of the Latin Kings gang with conspiracy to

---

[1] Defendant requested that the Court hold its decision on this motion in abeyance pending disposition of his habeas petition. (Docket Entry No. 243.)

[2] The background of this case was set forth in more detail in this Court's ruling on Defendant's petition for habeas corpus relief. (*See* Mem. and Ord.)

1

distribute and possess with intent to distribute 50 grams or more of crack cocaine. The plea agreement contained an estimated base offense level of 32, pursuant to the United States Sentencing Guidelines ("Guidelines"). (*See* Plea Agreement ¶¶ 1-2, Supp. App'x filed under seal.) The plea agreement also indicated that Petitioner would be subject to a Guidelines sentence range of 188 to 235 months' imprisonment, based upon an adjusted offense level of 34, and assuming Petitioner fell within Criminal History Category III. (*Id.* ¶ 2.)

In contrast to the plea agreement, the Probation Department ("Probation"), in its May 16, 2007 Presentence Investigation Report ("PSR"), determined a base offense level of 38 was applicable based on its estimate that Defendant was accountable for trafficking in at least 1.5 kilograms of crack cocaine. (PSR ¶ 61, Docket Entry No. 242-1.) Probation calculated a total offense level of 39, which incorporated a four-point enhancement for aggravating role and a three-point reduction for acceptance of responsibility. (*Id*. ¶¶ 61, 63, 66.) Additionally, Probation determined that, because Petitioner had two prior felony convictions for crimes of violence, he qualified as a "career offender" under the Guidelines, resulting in a criminal history category of VI, not III as set forth in the Plea Agreement. (*Id.* ¶¶ 69, 73, 74, 79.) The Guidelines sentence range reflected in the PSR was 360 months to life imprisonment. (*Id.* ¶ 114.) On January 4, 2008, Probation amended the PSR to reflect that the 2007 amendments to the Guidelines reduced Petitioner's base offense level from 38 to 36, making his total offense level 37. (*See* Second Addendum, Docket Entry No. 242-2.) However, Probation found that the reduced offense level did not affect the Petitioner's advisory Guidelines sentence range of imprisonment. (*Id.*)

On February 1, 2008, Defendant was sentenced to 300 months of incarceration. After taking into account: 1) Defendant's timely acceptance of responsibility; 2) Defendant's

eligibility for a two-point global plea reduction because Defendant and all of his codefendants timely pled guilty; 3) Defendant's aggravating role in the narcotics trafficking activities of the "Bushwick Tribe" of the Latin Kings gang; 4) Defendant's career criminal status, and 5) and the amount of crack cocaine attributable to Defendant, estimated at 2 kilograms, the Court determined that Defendant's total offense level was 35. (*See* Sentencing Tr. at 10-11, 28-31, Docket Entry No. 177.) With Defendant's level VI criminal history category, the applicable Guidelines sentence range was 292 to 365 months' imprisonment. (*Id*. at 31.) On March 25, 2009, the Second Circuit affirmed the sentence and judgment of conviction. *See United States v. Soto*, 2009 WL 765015. On September 30, 2013, this Court denied Defendant's petition for habeas corpus relief, and, on November 21, 2013, denied his motion for reconsideration. (*See* Mem. and Ord.; 11/21/13 Minute Entry.) On March 25, 2014, the Second Circuit dismissed Defendant's appeal of this Court's ruling on his habeas corpus petition for failure to file a motion for a certificate of appealability. (Mandate.)

On April 8, 2013, Defendant filed the instant motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10.

**II.     Legal Standard**

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), went into effect increasing the amount of crack cocaine required to trigger mandatory minimum sentences and directing the United States Sentencing Commission ("Commission") to implement comparable changes in the Guidelines.  Thereafter, the Commission issued Amendment 750 of the Guidelines, retroactively reducing the base offense levels for crack cocaine offenses. *United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013); *see also* Guidelines App. C Amendment 750 (Nov. 1, 2011). As relevant here, the Guidelines

now provide for a base offense level of 34 where a defendant is responsible for between 840 grams and 2.8 kilograms of crack cocaine. *See* Guidelines §§ 2D1.1(c)(3).

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, "[a] court must first determine that a reduction is consistent with [Guidelines] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010). Similarly, Section 3553(a) states that a court "shall impose a sentence sufficient, but not greater than necessary" to fulfill certain penological purposes, such as:

> the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). A court also must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . (3) the kinds of sentences available; (4) [the sentencing range established by the Sentencing Guidelines]; (5) [any pertinent Sentencing Guidelines policy statement]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Discussion

Defendant argues that the Court should resentence him in light of the amendments to the Guidelines following the enactment of the FSA. (Mot., Docket Entry No. 238.) The government does not oppose a reduction in the Defendant's sentence, and argues that the Court is authorized to reduce Defendant's sentence to a term of imprisonment not less than 235 months. (Resp. at 1, 4-5, Docket Entry No. 242.)

At sentencing, the Court found that two kilograms of crack cocaine were attributable to Defendant. (Sentencing Tr. at 10-11, 18.) Under the amended Guidelines, two kilograms of crack cocaine correspond to a base offense level of 34. Guidelines §§ 2D1.1(c)(3). Applying the same enhancements and reductions that were applied by this Court at sentencing, Defendant's total offense level under the amended Guidelines is 33. Taking into account Defendant's Criminal History Category of VI, the Government represents that the resulting Guidelines range is 235 to 293 months of imprisonment. (Resp. at 4). Thus, the Court is authorized to reduce Defendant's sentence to a term of imprisonment not less than 235 months.

The Court next must consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a). *Dillon v. United States*, 560 U.S. at 825, 130 S. Ct. at 2691. Defendant's request for a sentence reduction is denied based on the totality of the circumstances in this case.

Consideration of the Section 3553(a) factors leads the Court to conclude, as it did at sentencing, that a term of imprisonment of 300 months is appropriate. Defendant was the leader of the "Bushwick Tribe" of the Latin Kings gang, also known as the "Gangsta Killer Kings," which was notorious for its violence. (Sentencing Tr. at 21; *see also* PSR ¶ 6.) Defendant was also leader of the "Supreme Team" of the Latin Kings, "similar in nature to an

5

oversight/disciplinary committee" with decision-making authority over other local Latin King tribes. (PSR ¶ 7.) The Court, in calculating his sentencing guidelines range and imposing the sentence, held Defendant accountable for two kilograms of crack cocaine, but the Court also made it clear that this amount of crack cocaine was a conservative estimate of the amount of crack cocaine sold by Defendant and his co-conspirators. (*Id.* at 10-11, 18.) The Court also noted that Defendant's prior criminal history included acts of violence. (*Id.* at 27-31.) In light of the severity of Defendant's crime, as well as his previous criminal history, which included acts of violence, the Court concludes that Defendant would pose a risk to the community, if he were to be released.[3] Accordingly, a sentence reduction is not warranted.

## III. Conclusion

For the reasons set forth above, after taking into account the factors the court must consider pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3553(a), Defendant's motion for a reduction of his sentence is denied.

SO ORDERED.

DATED:     Brooklyn, New York
              July 24, 2014

                                                  _____/s/_____
                                                           DORA L. IRIZARRY
                                                     United States District Judge

---

[3] Given defendant's criminal history, leadership role in the Latin Kings gang, and participation in acts of violence, the Court is not persuaded that his two apparently non-violent disciplinary infractions in prison show he is not a threat to society.