```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
            -against-               :        MEMORANDUM AND ORDER
                                    :            05-cr-623(DLI)
ISAAC ALMANZAR, et. al.,            :
                                    :
            Defendant.              :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is Defendant Isaac Almanzar's ("Defendant") motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"). *See,* Def.'s Mem. of Law ("Def. Mot."), Dkt. Entry No. 360. The government opposed the motion. *See,* Gov't Opp'n ("Opp."), Dkt. Entry No. 363. Defendant replied and filed a supplemental letter. *See,* Def.'s Reply ("Rep."), Dkt. Entry No. 364; Def.'s Supp. Letter ("Supp. Letter"); Dkt. Entry No. 392. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

The Court presumes the parties' familiarity with the Defendant's underlying criminal charges and procedural history of this matter. The background of this case is set forth in more detail in this Court's decisions denying Defendant's motions for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 and for a reduced sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-222, 124 Stat. 2372 (2010) (the "Fair Sentencing Act"). *See*, respectively, *Almanzar v. United States*, 2013 WL 5525703 (E.D.N.Y. Sept. 30, 2013)[1] (denying *habeas* petition); *United States v. Almanzar*, 2014 WL 3696146 (E.D.N.Y. July 24, 2014), *aff'd*, 618 Fed. Appx. 9 (2d Cir. 2015) (denying Fair Sentencing Act motion). Only those facts necessary for the determination of

---

[1] Defendant's appeal from this Court's denial of his motion for habeas corpus relief was dismissed by the Second Circuit Court of Appeals on March 24, 2014. *See,* Mandate, No. 10-cv-1307, Dkt. Entry No. 25.

the motion shall be set forth herein.

On December 8, 2006, Defendant pled guilty, pursuant to a plea agreement, to a single count indictment charging him and other members of the Latin Kings gang with conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). *See*, Minute Entry, December 8, 2006; Change of Plea Hr'g Tr. ("Plea Tr."), Dkt. Entry No. 176. On February 1, 2008, the Court sentenced Defendant to 300 months of incarceration followed by five (5) years of supervised release with conditions. *See*, Minute Entry, February 1, 2008, Dkt. Entry No. 164; Judgment, Dkt. Entry No. 166; *See also*, Sentencing Hr'g Tr. ("Sentencing Tr."), Dkt. Entry No. 177 at 48-51.[2]

At the sentencing hearing, based on the 2007 U. S. Sentencing Guidelines ("USSG" or "Guidelines") Manual in effect at the time, the Court concluded that: (1) as Defendant was accountable for over 1.5 kilograms of crack, a base offense level of 36 applied; (2) as a leader and organizer of the conspiracy, a four-level enhancement applied; (3) a two-level reduction for a global plea disposition applied[3]; (4) a three-point reduction for acceptance of responsibility applied, resulting in a Total Offense Level of 35 and, because of his prior convictions for robbery in the first degree and attempted robbery in the second degree, he was a career offender with a Criminal History Category of VI. The resulting applicable Guidelines range ("SGR") was 292-365 months of imprisonment. *See,* Sentencing Tr., at 31. Notably, the sentence imposed was at the low end of the SGR.

---

[2] Defendant timely appealed his judgment of conviction. On March 25, 2009, the Second Circuit Court of Appeals affirmed the judgment of this Court. *See*, *United States v. Soto, et. al.,* 2009 WL 765015 (2d Cir. Mar. 25, 2009)(summary order).

[3] The Court departed downwardly in calculating the final SGR by applying a two-level reduction for a global plea as all eight (8) defendants in the case had pled guilty in timely fashion, saving the Court and the government substantial savings in resources and costs.

In imposing sentence, the Court considered the advisory Guidelines as well as the statutory factors enumerated in 18 U.S.C. § 3553(a). These included, *inter alia,*: (1) Defendant's timely acceptance of responsibility; (2) the global disposition reached among all eight defendants; (3) Defendant's significant leadership role in the Latin Kings gang overseeing both the production and distribution of crack cocaine over a broad area in Bushwick, Brooklyn and in disciplining gang members; (4) his career criminal status; and (5) the significant amount of crack cocaine attributable to Defendant conservatively estimated at over two kilograms. *See*, Sentencing Tr., at 10-11, 28-31, 44-47. According to Probation, Defendant's projected release date from federal custody is April 7, 2027, which includes credit for good time. Status Report, Dkt. Entry No. 403.

## **DISCUSSION**

Defendant timely appealed from the conviction and sentence, which was affirmed by the Second Circuit Court of Appeals on March 25, 2009. *See,* Fn. #2 above. Defendant claimed on appeal, *inter alia,* that this Court erred in determining that he was a career offender and was accountable for approximately two kilograms of crack ( a conservative estimate), which was higher than the drug quantity stipulated to by the parties in the plea agreement and by failing to go beyond the crack/powder cocaine ration in the recently promulgated crack Guidelines amendment. Defendant further contended, *inter alia,* that this Court erred by treating him differently and more harshly than his codefendants. Upon review of the entire record on appeal, the Circuit Court rejected these arguments finding no procedural error in this Court's application of the Guidelines and no error in this Court's conclusion that any disparities among Defendant and his codefendants were warranted based on their different roles in the conspiracy.

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–222, 124 Stat. 2372 (2010), went into effect increasing the amount of crack cocaine required to trigger

3

mandatory minimum sentences and directing the United States Sentencing Commission ("Commission") to implement comparable changes in the Guidelines. Thereafter, the Commission issued Amendment 750 of the Guidelines, retroactively reducing the base offense levels for crack cocaine offenses. *See, United States v. Figueroa,* 714 F.3d 757, 759 (2d Cir.2013); *See also*, Guidelines App'x. C Amendment 750 (Nov. 1, 2011). Among other changes effectuated to the federal sentencing laws, Section 2 of the Fair Sentencing Act increased the amount of crack cocaine required to trigger a ten-year mandatory minimum sentence under 21 U.S.C. § 841 from 50 to 280 grams and the amount required to trigger a five-year mandatory minimum sentence from five to twenty-eight grams. *See*, *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *United States v. Martin,* 974 F.3d 124, 131 (2d. Cir. 2020). Defendant moved for a reduction of his sentence based on the Fair Sentencing Act. This Court denied the motion and the denial was affirmed by the Second Circuit. *See, United States v. Almanzar*, 2014 WL 3696146 (E.D.N.Y. July 24, 2014), *aff'd*, 618 Fed. Appx. 9 (2d Cir. 2015).

The First Step Act, *inter alia,* made the sentence reduction provisions of the Fair Sentencing Act retroactive. Section 404(b) of the First Step Act provides, in pertinent part, that a "court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) of the First Step Act defines a "covered offense" eligible for a sentence reduction as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."

The government opposes Defendant's motion for a sentence reduction under the First Step Act contending that Defendant's offense of conviction is not a "covered offense" because

4

Defendant's actual offense conduct that involved two kilograms of cocaine base, is still above the ten-year mandatory minimum sentence trigger pursuant to the Fair Sentencing Act's revised standards. However, after Defendant's motion was briefed fully, the Second Circuit held that "it is a defendant's statutory offense, not his or her 'actual' conduct, that determines whether he has been sentenced for a 'covered offense' within the meaning of Section 404(a), and is consequently eligible for relief under Section 404(b)." *United States v. Davis*, 961 F.3d 181, 190 (2d Cir. 2020). In *Davis*, as is the case here, the defendant's conviction for a statutory offense involving crack cocaine under 28 U.S.C. § 841(b)(1)(A)(iii) was a "covered offense" under the First Step Act. *Id.* at 190-91; *See also*, *United States v. Reed*, 7 F.4th 105, 112 (2d Cir. 2021). Accordingly, Defendant is eligible for a reduced sentence under the First Step Act.

However, eligibility does not entitle Defendant to a sentence reduction automatically. "Relief under the First Step Act is discretionary." *United States v. Moyhernandez*, 5 F.4th 195, 205 (2d Cir. 2021) (affirming district court's denial of a sentence reduction); *See also*, First Step Act, Section 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "[T]he First Step Act provides a 'limited procedural vehicle' and expresses no requirement 'to broadly revisit every aspect of a criminal sentence.'" *Moyhernandez*, 5 F.4th at 202 (quoting *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020)). "[W]hen reviewing a motion under the First Step Act § 404, a district court may, but need not, consider the [§ 3553(a)] factors." *Id.* at 205 (internal quotations and citations omitted). Nonetheless, "those factors may often prove useful." *Id.*

Defendant argues that a sentence reduction is appropriate in light of Congress' multiple amendments to the Guidelines, Defendant's minimal disciplinary incidents while in custody, his growing family, steps he has taken towards self-improvement, and the ongoing COVID-19

pandemic. *See*, Def. Mot. at 5-6; Supp. Letter at 3. The government's opposition, at its core, relies on the purposes of punishment, deterrence, and avoidance of sentencing disparities. Opp. at 11.

A careful review of the Section 3553(a) factors leads the Court to conclude, for the same reasons it did at sentencing and again in denying Defendant's Fair Sentencing Act motion, that Defendant's sentence of 300 months of imprisonment is appropriate. Defendant's self-described "minimal" disciplinary infractions while incarcerated involve refusal to submit to an order, refusal to submit to drug testing, fighting, and possession of a hazardous tool. Bureau of Prisons Progress Report, Ex. A to Def. Mot.; Status Report. The nature of these infractions demonstrate that Defendant would pose a risk to the community if released. Defendant's self-improvement, while laudable, does not neutralize the original reasons for his sentence in this specific case. Defendant's citation to the COVID-19 pandemic, which should have been raised in a motion for compassionate release, is not persuasive given the availability of a vaccine and the lack of any risk factors specific to Defendant. In light of the severity of Defendant's crime, his criminal history which includes acts of violence, and continued infractions that pose dangers to others, Defendant's originally imposed sentence is "sufficient, but not greater than necessary" to achieve the sentencing goals set out in 18 U.S.C. § 3553(a). Therefore, a sentence reduction is not appropriate.

## CONCLUSION

For the reasons set forth above, Defendant's motion for a sentence reduction pursuant to Section 404(b) of the First Step Act is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      December 13, 2024

/s/
DORA L. IRIZARRY
United States District Judge